**UNITED STATE DISTRICT COURT**

**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| CORIE L. SINGER, | ) | |
| An individual residing in the Town | ) | |
| of Liberty, County of Waldo, | ) | |
| State of Maine, | ) | **Civil Case No.:** |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF LIBERTY , | ) | |
| A Maine municipal corporation | ) | |
| Organized in the County of Waldo, | ) | |
| Strate of Maine, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

**COMPLAINT**

NOW COMES Plaintiff Corie L. Singer, through counsel, and complains against Defendant Town of Liberty, Maine, representing as follows:

## INTRODUCTION

1. This is an action for violation of Constitutional rights and state law claims.

2. The Plaintiff has been issued a no-trespass order of dubious validity which is preventing her from exercising her Constitutional rights. She also did not receive a hearing before the order was imposed on her, a violation of her procedural due process rights.

3. Plaintiff has been unilaterally ordered by a governmental entity to have no contact with any government employee whatsoever without due process or good cause.

4. The Plaintiff has suffered loss of her rights under the Constitution of the United States and loss of economic opportunity as a direct result of the Town's actions.

## PARTIES

5. Plaintiff Corie L. Singer is a resident of Liberty, Waldo County, Maine.

6. Plaintiff is employed as a real estate agent, a job which necessitates traveling within the Town of Liberty among other places and availing herself of governmental resources offered to others.

7. The Town of Liberty is a municipal corporation, incorporated in Waldo County, Maine; it was incorporated in 1827 (hereinafter the "Town."

## JURISDICTION AND VENUE

8. The Court has jurisdiction under 42 U.S.C. § 1983 due to the Town's violations of the Plaintiff's Constitutional rights and civil liberties.

9. The Court also has jurisdiction over the Plaintiff's state law claims based on violations of both her federal and state constitutional rights.

10. Venue is proper in the Federal District Court of the District of Maine because both parties reside or are incorporated in the State of Maine and all events giving rise to this Complaint took place in the State of Maine. Venue is appropriate in Bangor because the events took place in Waldo County, roughly equidistant from Bangor and the District Court in Portland.

## FACTUAL ALLEGATIONS

11. The Plaintiff and the Defendant have had a difficult relationship for some time, but Plaintiff has always attempted to resolve any dispute with the Town peacefully and lawfully.

12. On May 5, 2026, the Plaintiff, after peacefully concluding a meeting with town officials, was outside the Town's municipal building when her husband separately arrived and was then accused of breaking into the town office, damaging property, and physically attacking several town officials.

13. Afterwards, the Plaintiff was sent a letter by the town attorney, explicitly, speaking on behalf of the Town, ordering her to stay away from all Town of Liberty property. It was threatened that violations or even using other people to circumvent this order would result in fines and attorney fees

14. The Plaintiff soon received a notice from the Maine State Police, at the direction of the Town, warning her for criminal trespass. The statute cited did not appear to apply to the situation in question.

15. The Plaintiff never received a hearing or other due process to establish that she had anything to do with her husband's alleged actions, or even that she had driven him to

the Town Office. It was simply stated as fact and given as a justification for the trespass notice.

16. The letter from the Town attorney forbids Singer and the others from using the Town services, other than 911, except online, with limited exceptions, and even from talking to any Town personnel in a non-emergency situation, though she can send mail to the Town attorney at his law office. They are basically cut off from taking part in the activities and daily life of her town of residence, including voting in person, participating in town meetings etc.

17. Informal attempts to resolve the situation have produced no results.

18. Corie Singer, as a real estate agent, needs access to the town and its properties. She has not been tried or summonsed and is clearly being restricted the Town, under color of law, due merely to the fact that she is married to her husband.

19. Singer's ability to conduct the normal affairs of both her business and her personal/civic life and be treated equally under the law are being illegally and unconstitutionally impacted by the Town

**<u>COUNT I</u>**

**CIVIL RIGHTS VIOLATIONS UNDER 42 USC § 1983**

20. Plaintiff restates all above averments.

21. The 1st Amendment to the United States Constitution reads: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

22. The only person the no-trespass order allows the Plaintiff to communicate with about any grievances is the Town's attorney, who sent her the notice about the no-trespass order two days after the incident at the Town Office. Even that is a very limited exception, as she can only communicate with him by sending a letter to his law office. He is not in a position to make decisions about everything that could possibly constitute a legitimate grievance; he is in an advisory position and is not an elected official.

23. The no-trespass order and ban on speaking to town officials effectively takes away a fundamental right from Plaintiff. That she can use 911 does not affect the violation; grievances are outside the scope of emergency situations.

24. The Town does not have the right to violate the Plaintiff's Constitutional rights; as an arm of government, it must respect the Constitution due to the Supremacy Clause, found in Article VI, Clause 2, which reads: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme

Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding."

25. 42 USC § 1983 deals with violations of civil rights under color of law, as in this case. The 1871 statute allows people whose rights have been violated under color of law to seek monetary damages and injunctive relief. Corie's right to petition the government for redress of grievances has been suspended without any due process, with the threat of fines and harassment charges if she tries to talk to any Town official.

26. The Plaintiff's right to petition the government was and continues to be infringed by the no-trespass order under color of state law.

WHEREFORE, Plaintiff seeks an order voiding the no-trespass order, injunctive relief to keep the Town from imposing any such future order, monetary damages against the Town of Liberty, her costs, including reasonable attorney fees, and such other relief as the Court deems just and proper.

**COUNT II: DECLARATORY JUDGMENT**

27. Plaintiff restates all above averments.

28. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks a declaratory judgment that the no-trespass order issued to the Plaintiff by the Town of Liberty and the Maine State Police is void. In support of this, Plaintiff notes the following.

29. There has been no proof that the Plaintiff drove her husband to the Town Office on May 5 of this year or that she had anything to do with any illegal actions he may have committed. She was simply declared to be guilty, as if by a modern-day bill of attainder.

30. The state police cited the correct statue but the wrong section of the statute when issuing the no-trespass order. The quoted language cited 17-A section 402, Paragraph C, which talks about places that are clearly closed off to the public and rely on fences, signs, etc. to make the point. This section of the law has nothing to do with any actions by Singer or her husband.

31. The notice is also void as applied because Singer was not given the chance to defend herself. No hearing, just a letter dated two days after the incident and then the official notice. This is a blatant due process violation which paves the way to the Constitutional-level due process violation. It cannot be allowed to stand.

WHEREFORE, Plaintiff seeks a declaratory judgment, her costs, and such other relief as the Court deems just and proper.

**COUNT III: FREEDOM OF SPEECH**

32. The Plaintiff restates all above averments.

33. The letter from Town's counsel to the Plaintiff and the others, which was issued by a private citizen, not a court of law, forbids the Plaintiff from even speaking to any person who is an employee of the Town in any form. Although the notice from the State Police also mentions Maine's harassment statute, the letter does not state that Singer and the others cannot harass Town officials; it forbids her to speak to them at all. That is a violation of the First Amendment right to free speech mentioned above.

34. The prohibition in the letter goes well beyond the harassment statute, 17-A M.R.S.A. §506-A 1, which reads, "A person is guilty of harassment if, without reasonable cause, A. The person engages in any course of conduct with the intent to harass, torment or threaten another person after having been forbidden to do so by any sheriff, deputy sheriff, constable, police officer or justice of the peace or by a court in a protective order issued under Title 5…."

35. The letter from the Town's attorney makes no mention of any protective order issued by a court or of the Plaintiff having been forbidden to harass anyone by any person employed in any type of law enforcement capacity. No statutes are mentioned or used to justify the threat of being prosecuted "to the full extent of the law." Indeed, the letter starts out with, "Please be advised that I am writing in my capacity as the Town Attorney for the Town of Liberty, Maine." The Town's attorney does not claim that he is a law enforcement officer or, for that matter, a Town official. His letter simply purports to strip the right of speaking, even pleasantly or in a necessary way, to any town official.

36. The principle that Constitutional rights cannot be violated by any government actor is well enough established that the above-cited 42 U.S.C. § 1983 was enacted to give a private person a remedy when their rights were violated.

37. The letter does not state why simply talking to anyone employed by the Town is forbidden. The blanket banning of interaction with all Town employees goes too far and represents a violation of the Plaintiff's constitutional liberties.

WHEREFORE, Plaintiff Corie Singer prays that the Court declare the ban on interacting with Town officials unconstitutional on its face and as applied, requests damages and attorney fees, and such other relief as the Court deems just and proper.

**COUNT IV: VIOLATION OF DUE PROCESS**

38. Plaintiff restates all above averments.

39. In *Armstrong v. Mann*, 380 U.S. 545, 552 (S. Ct. 1965), the United States Supreme Court stated, "A fundamental requirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner."

40. The letter purporting to justify the Town's action against Corie Singer and others states that on May 5, Roland Singer was "driven and/or accompanied by" the Plaintiff. Not only is this untrue, the mere fact that they are believed (falsely) to have arrived together is not a proper justification, certainly not without some due process, before restricting the Plaintiff's liberties.

41. At no point does the letter mention that the Plaintiff is entitled to a hearing to determine if she should be banned from going on Town-owned property or interacting with Town employees. At no point does the letter point to any proof that Plaintiff did drive her husband to the Town Office or that she herself did anything disruptive, destructive, or dangerous. It simply issues guilty by marital association and therefore has rendered her a citizen/Town resident with virtually no rights to access her local government.

42. If the Plaintiff is accused of accompanying her husband during the incident in question, that still does not justify the Town's actions. She is not accused of assault or even disorderly conduct. If she is accused of transporting him—unlikely, since they came in at different times—that still does not show that she knew what he was going to do. Even if there were some justifications for what the Town did based on one of the possible allegations, it is hard to mount a defense when she was never told what exactly she did. Exacerbating the problem is the fact that she was never offered a hearing to defend herself, much less given one.

WHEREFORE, Plaintiff requests the Court order a hearing or, in the alternative, that it declare the Town's actions to be unconstitutional and void, that it order her to be compensated, including reasonable attorney fees, and such other relief as the Court deems just and proper.

**COUNT V: EQUAL PROTECTION OF THE LAW**

43. Plaintiff restates all above averments.

44. By preventing the Plaintiff from being on Town-owned property, the Defendant is forbidding her from fully exercising her right to vote or use services as any other resident, as voting and other essential services take place on Town property.

45. At polling places, political candidates and other politically-active citizens are often present on election day, interacting with voters or trying to get them to sign various petitions. The Plaintiff will be unable to do that if she cannot be on Town property or contact town employees. It is well beyond the scope of the order forbidding her from talking to Town employees to also keep her from speaking with political figures and regular citizens of the Town.

46. The 5th and 14th Amendments to the U.S. Constitution were adopted to ensure that all citizens are allowed to exercise their right to vote. Poll taxes, property ownership requirements, and literacy tests have all been adopted in the past and all have been

done away with. There is no reason to force the Plaintiff to send in mail-in ballots when there is no proof of wrongdoing or process provided to her to determine it.

47. As applied, the no-trespass order prevents the Plaintiff from the full, equal and free exercise of her rights under the Maine and United States Constitutions.

WHEREFORE, Plaintiff requests that the order be declared void, that she be compensated, including reasonable attorney fees, and such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Aaron Fethke, Esq.
Aaron Fethke, Esq.
Fethke Law Offices
167 E Main Street
Searsport, ME 04974
(207) 548-6311
AFethke@fethkelaw.com